**Jane DOE, Plaintiff,**

v.

**ROYAL CARIBBEAN CRUISES, LTD., Defendant.**

**No. 04–21627–CIV.**

United States District Court, S.D. Florida.

March 21, 2005.

Luis Alfonso Perez, Elizabeth Koebel Russo, Russo Appellate Firm, Miami, FL, for Plaintiff.

Darren Wayne Friedman, Randy Scott Ginsberg, Kaye Rose & Maltzman, Miami, FL, for Defendant.

### ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DENYING MOTION FOR REMAND

HOEVELER, District Judge.

THIS CAUSE comes before the Court upon Defendant's Motion to Compel Arbitration, filed July 2, 2004, and Plaintiff's Motion for Remand, filed August 2, 2004. The majority of pertinent documents in this case remain subject to this Court's orders placing them under seal. This Order, however, does not require sealing as it does not reveal the identity of plaintiff— the facts necessary to the Court's decision are undisputed, and will be referenced only generally in this Order.

## BACKGROUND

The Plaintiff filed suit on June 7, 2004, in the Circuit Court in and for the Eleventh Judicial Circuit, Miami–Dade County, alleging eight counts against Defendant related to the Plaintiff's employment as a seaman on one of Defendant's vessels. Plaintiff's claims arose from a rape experienced while Plaintiff was working on one of Defendant's vessels and from Defendant's subsequent actions toward Plaintiff. Defendant removed the action to this Court on July 2, 2004, pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 et seq. ("Convention"), and asked that the Court compel arbitration of this dispute. Plaintiff filed a motion for remand, arguing, *inter alia,* that this action is not covered by a binding arbitration clause. The Eleventh Circuit's recent decision in *Bautista v. Star Cruises,* 396 F.3d 1289 (11th Cir. 2005), controls the outcome of this proceeding, as the facts are analogous and the questions presented are answered by the *Bautista* decision.

## ANALYSIS

Plaintiff was hired through an employment agency in the Philippines. *See* SEALED Plaintiff's Affidavit of August 2, 2004, at ¶ 4. Plaintiff states that "[i]n order to get the job [the agency] required me to sign a one (1) page 'contract of employment.'" *Id.* That contract of employment includes the following statement: "All claims, disputes or controversies that may arise from this employment contract shall be brought by the herein parties exclusively before the proper courts in Metro Manila." Contract, at ¶ 5. Plaintiff asserts that this contract "... was the only document that I signed and the only document that I was shown in the Philippines." *See* SEALED Plaintiff's Affidavit of August 2, 2004, at ¶ 4.

The Plaintiff's signed contract also incorporates, by reference, the Standard Terms and Conditions Governing the Employment of Filipino Seafarers On–Board Ocean–Going Vessels ("Standard Terms"). Specifically, Plaintiff's contract, at paragraph 2, states "[t]he herein terms and conditions in accordance with Department Order No. 4 and Memorandum Circular No. 09 both Series of 2000, shall be strictly and faithfully observed." The Eleventh Circuit, in *Bautista,* analyzed precisely the same provision of a Filipino seaman's contract and found that such provision incorporated by reference the following section from the Standard Terms.

> Section 29. Dispute Settlement Procedures. In cases of claims and disputes arising from this employment, .... the parties [ ] not covered by a collective bargaining agreement ... may at their option submit the claim or dispute to either the original and exclusive jurisdiction of the National Labor Relations Commission ... or to the original and exclusive jurisdiction of the voluntary arbitrator or panel of arbitrators.....

Moreover, Plaintiff's signature appears on the bottom of two pages of the Standard Terms, alongside a stamped date of August 12, 2003.

Despite Plaintiff's initial assertion that the contract was the only document that Plaintiff signed, Plaintiff later acknowledged that "[t]here were other documents beneath the one (1) page contract, but the official [from the employment agency] lifted the bottom edge of my one (1) page contract and other pages, and required me to sign some of the pages below, but I could not see them sufficient to read them and was not allowed to read them." *See* SEALED Plaintiff's Supplemental Affidavit of September 22, 2004, at ¶ 10(g). Plaintiff attempts to reconcile these conflicting statements with the assertion that

"the only document that I actually recall reading and signing in the Philippines prior to my departure was the [contract]." *Id.* at ¶ 3. Several other documents bear Plaintiff's signature, including a "Pre–Acceptance Briefing Form," and a "Pre–Departure Checklist." Although Plaintiff does not suggest that the signatures are forged, Plaintiff states that "[I had] never read or seen the documents which were only recently produced by defendant …, bearing what purports to be my signature on a different document titled 'Standard Terms and Conditions.'" *Id.* at ¶ 6.

Plaintiff also attempts to avoid the arbitration clause by asserting that a subsequent "Sign–On Employment Agreement" replaced the previously signed contract. "I was told by Royal Caribbean that this was my new and sole employment contract which I had to sign in order to work on their ship, and it contained all of the terms and conditions of my employment agreement …" *See* SEALED Plaintiff's Supplemental Affidavit of September 22, 2004, at ¶ 22. The Sign–On Employment Agreement Indicates the specific name of the vessel for which Plaintiff was hired, and is dated September 4, 2003. The Agreement does not include an arbitration clause. Plaintiff argues that the Agreement replaced the prior contract, but Defendant asserts that the Agreement simply provides the specific "Additional Terms and Conditions of Employment," as noted on the face of the Agreement, which are applicable to employment on the assigned vessel. This Court agrees with Defendant's position that the Agreement stands as a source of additional terms and conditions governing Plaintiff's employment, but does not replace the previously signed contract. The Agreement does not supplant the Standard Terms which govern employment of Filipino seamen.

This Court has subject matter jurisdiction over this case because it is governed by the Convention, and its corresponding legislation, 9 U.S.C. § 201. The Eleventh Circuit has determined that the seamen employment contract exemption of the Federal Arbitration Act does not "remov[e] from the Convention Act's scope a subset of commercial employment agreements" such as Plaintiff's signed contract. This Court must order arbitration if four conditions are met: 1) there is an agreement in writing to arbitrate the dispute, 2) the agreement provides for arbitration in the territory of a signatory to the Convention, 3) the agreement to arbitrate arises out of a commercial legal relationship, and 4) there is a party to the agreement who is not an American citizen. *Bautista,* 1294 n. 7, *citing Std. Bent Glass Corp. v. Glassrobots Oy,* 333 F.3d 440, 449 (11th Cir.2003). The undisputed facts of this case answer each of these questions affirmatively. Thus, this Court must send this matter to arbitration unless one of the permissible defenses applies—i.e., that the agreement is null and void, inoperative or incapable of being performed. *Bautista.*

Although Plaintiff claims that the documents were not disclosed fully to Plaintiff prior to signing, nor were copies made available for Plaintiff's review, the Eleventh Circuit has rejected such arguments in the face of undisputed signatures or initials [1] appearing on such documents. "Although Plaintiffs dispute that the crewmembers saw the arbitration provision or had it explained to them, …. copies of the Standard Terms provided to the district court by [Defendant] indicate the crewmembers initialed or signed the Standard Terms." *Bautista.* "While it is plausible that economic hardship might make a

---

1. Plaintiff's affidavits do not assert that the signatures were made by someone other than

Plaintiff, thus, there is no dispute that the signatures are Plaintiff's.

prospective Filipino seaman susceptible to a hard bargain during the hiring process, Plaintiffs have not explained how this makes for a defense under the Convention." Thus, the Court must send Plaintiff's claims to arbitration.

### CONCLUSION

Plaintiff was employed by Defendant pursuant to an agreement that requires that Plaintiff's dispute be brought either before the National Labor Relations Commission of the Philippines, or to an arbitrator. The Eleventh Circuit's decision in *Bautista* controls the outcome of this case. Based upon the above, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion for Remand is DENIED. Further, it is

ORDERED AND ADJUDGED that the Defendant's Motion to Compel Arbitration is GRANTED. As these claims will be the subject of an arbitration proceeding in the Philippines, this case is now closed for administrative purposes, and all other pending motions are denied as MOOT. The Court retains jurisdiction only for the limited purpose of enforcement of the arbitral award.